UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J.W. TYRAN, JR.,

        Plaintiff,                    Case Number 25-10108

v.                                       Honorable David M. Lawson
                                          Magistrate Judge Kimberly G. Altman

PEOPLE OF THE UNITED STATES OF
AMERICA,

        Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING THE COMPLAINT

On January 23, 2025, Magistrate Judge Kimberly G. Altman issued a report under 28 U.S.C. § 636(b) recommending that the Court dismiss the complaint under the Court's screening authority pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff objected to that recommendation, and the matter now is before the Court for further review.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The magistrate judge aptly summarized the rubric applied when the district court's initial screening authority is triggered. The plaintiff's application to proceed *in forma pauperis* (IFP) was granted on January 16, 2025. When a plaintiff is granted authorization to proceed without

paying an initial filing fee, the Court is called upon to evaluate the sufficiency of the pleadings under 28 U.S.C. § 1915(e)(2)(B), which provides that a court "shall dismiss" an IFP complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Although the Court must liberally construe complaints filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such litigants must nevertheless satisfy the basic pleading requirements in Fed. R. Civ. P. 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought," Fed. R. Civ. P. 8(a)(2), (3). The purpose of that pleading rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require highly detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See id.* at 555.

In general, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the contrary, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard*, 346 F. App'x 49, 51 (6th Cir. 2009).

The magistrate judge concluded that the complaint failed to state any plausibly pleaded cause of action because it did not include any factual details identifying how precisely or when the plaintiff was harmed, nor did it identify any person or agency responsible for the alleged harms. Instead, as the magistrate judge observed, the pleading consists of nothing more than vague allegations that the plaintiff has various ailments, injuries, and painful medical conditions, that he was "unlawfully incarcerated" for 14 years (where or when is unknown), that he has been "denied medical care" at unspecified times both while in and out of prison, and that he was "assaulted" while in custody at the Genesee County Jail. The pleading does not identify with any specificity the person or persons unknown who allegedly perpetrated any of those wrongs.

The plaintiff's two-paragraph objection consists of nothing more than a terse reiteration of the vague allegations of the complaint, wherein the plaintiff merely insists that he has been "harmed" by unidentified persons or entities. The objection adds nothing in the way of relevant factual substance, and it does not address the fundamental pleading deficiency identified by the magistrate judge, which was the utter lack of factual detail necessary to sustain a plausible claim for relief. Furthermore, the plaintiff has made no timely effort to amend his defective pleading. The objection therefore will be overruled, and the case will be dismissed.

Accordingly, it is **ORDERED** that the plaintiff's objections (ECF No. 7) are **OVERRULED**, the report and recommendation (ECF No. 6) is **ADOPTED**, and the complaint is **DISMISSED WITH PREJUDICE** for failure to state a plausible claim for relief.

- 4 -

It is further **ORDERED** that the plaintiff's motion to transfer the case to the Western District of Michigan (ECF No. 8) is **DISMISSED** as moot.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 8, 2025